**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1002**

LEVERT SMITH; NELSON D. RADFORD, Co-Administrators of the
Estate of Joseph Jeremaine Porter,

        Plaintiffs - Appellants,

    v.

SCOTTSDALE INSURANCE COMPANY,

        Defendant - Appellee,

    and

SCOTTSDALE INDEMNITY COMPANY; NATIONWIDE INSURANCE COMPANY,

        Defendants.

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling. Frederick P. Stamp,
Jr., Senior District Judge. (5:12-cv-00086-FPS-JES)

Submitted: June 30, 2015        Decided: July 30, 2015

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy F. Cogan, Patrick S. Cassidy, CASSIDY, COGAN, SHAPELL &
VOEGELIN, LC, Wheeling, West Virginia, for Appellants. Thomas
E. Scarr, Sarah A. Walling, JENKINS FENSTERMAKER, PLLC,
Huntington, West Virginia; Denise D. Pentino, William E
Robinson, Jacob A. Manning, DINSMORE & SHOHL, LLP, Wheeling,

West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levert Smith and Nelson Radford, as administrators of the Estate of Joseph Jermaine Porter (the "Estate"), appeal the district court's orders affirming the magistrate judge's denial in part of the Estate's motion to compel discovery and granting summary judgment to Scottsdale Insurance Company ("Scottsdale") on the Estate's claim under the West Virginia Human Rights Act, W. Va. Code §§ 5-11-1 to 5-11-20 (2013) ("WVHRA"). The claim arises from a civil rights lawsuit filed by the Estate against Scottsdale's insured, the City of Huntington, West Virginia (the "City"). See Smith v. Lusk, 533 F. App'x 280 (4th Cir. July 18, 2013) (No. 12-2063). We affirm.

## I.

The Estate first challenges the district court's order denying in part its motion to compel discovery of portions of Scottsdale's claim file. District courts and magistrate judges are afforded substantial discretion in managing discovery. United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002). We review discovery rulings for an abuse of discretion. Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 172 (4th Cir.), cert. denied, 135 S. Ct. 437 (2014). An abuse of discretion occurs when the district court's decision is "guided by erroneous legal

3

principles" or "rests upon a clearly erroneous factual finding." Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999). We review de novo the district court's legal conclusion that the attorney-client and work product privileges are applicable. Hawkins v. Stables, 148 F.3d 379, 382 (4th Cir. 1998).

Because this is a diversity action, the elements of the attorney-client privilege are governed by West Virginia law. Fed. R. Evid. 501; Ashcraft v. Conoco, Inc., 218 F.3d 282, 285 n.5 (4th Cir. 2000) ("[I]n a diversity action the availability of an evidentiary privilege is governed by the law of the forum state."). Under West Virginia law, there are three elements necessary to establish this privilege: "(1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from the attorney in his capacity as a legal advisor; [and] (3) the communication between the attorney and client must be intended to be confidential." State ex rel. Med. Assurance of W. Va., Inc. v. Recht, 583 S.E.2d 80, 84 (W. Va. 2003). This privilege also applies to communications between an attorney and a client that are shared with the client's insurance company. Id. at 89.

The Estate argues that when the attorney's activities in a discrimination case become an intimate part of the claimed discrimination, the privileged communications are discoverable,

4

citing State ex rel. Westbrook Health Servs., Inc. v. Hill, 550 S.E.2d 646 (W. Va. 2001). However, "privileged matters, although relevant, are not discoverable. As a result of this rule, many documents that could very substantially aid a litigant in a lawsuit are neither discoverable nor admissible as evidence." Recht, 583 S.E. 2d at 84. Moreover, the Supreme Court of Appeals of West Virginia in Hill did not conclude that documents related to an attorney's actions in a discrimination case are per se outside the protection of the privilege; instead, the court found that the employer failed to meet the three-part test for application of the privilege. 550 S.E.2d at 650-51.

The Estate further argues, however, that Scottsdale impliedly waived attorney-client privilege because the attorneys' communications are "at issue" in this case. "A party may waive the attorney-client privilege by asserting claims or defenses that put his or her attorney's advice in issue." State ex rel. Brison v. Kaufman, 584 S.E.2d 480, 482 (W. Va. 2003) (internal quotation marks omitted). "[A]n attorney's legal advice only becomes an issue where a client takes affirmative action to assert a defense and attempts to prove that defense by disclosing or describing an attorney's communication." State ex rel. Marshall Cnty. Comm'n v. Carter, 689 S.E.2d 796, 805 (W. Va. 2010) (internal quotation marks

omitted).  We conclude that Scottsdale did not affirmatively place any attorney-client privileged matters at issue. "[A]dvice is not in issue merely because it is relevant, and does not come in issue merely because it may have some affect on a client's state of mind." State ex rel. U.S. Fid. & Guar. Co. v. Canady, 460 S.E.2d 677, 688 n.16 (W. Va. 1995).  Further, Scottsdale did not assert any claim or defense based on counsel's advice in the underlying case; instead, it maintained that its actions were based on its own evaluation of the case and the City's refusal to consent to a settlement.

The Estate also sought documents the magistrate judge concluded were protected under the work product doctrine.  The work product doctrine "confers a qualified privilege on documents prepared by an attorney in anticipation of litigation."  Solis v. Food Employers Labor Relations Ass'n, 644 F.3d 221, 231 (4th Cir. 2011).  Work product is "generally protected and can be discovered only in limited circumstances." In re Grand Jury Proceedings, 33 F.3d 342, 348 (4th Cir. 1994). "Fact work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship."  Chaudhry v. Gallerizzo, 174 F.3d 394, 403 (4th Cir. 1999) (internal quotation marks omitted).  "[O]pinion work product enjoys a nearly absolute immunity and can be discovered

6

only in very rare and extraordinary circumstances." <u>Id.</u> (internal quotation marks omitted).

The Estate argues that the attorney's opinions are "at issue" here because of the intimacy of the involvement of the attorneys and adjusters in determining the course of the civil rights lawsuit. Here, however, Scottsdale has never contended that it relied upon counsel's opinions in refusing to settle. It has consistently asserted that it made the decision based on its own conclusions and the City's decision, which was not made on the advice of counsel. Thus, because Scottsdale is not "attempt[ing] to use a pure mental impression or legal theory as a sword and as a shield in the trial of a case," <u>In re Martin Marietta Corp.</u>, 856 F.2d 619, 626 (4th Cir. 1988), we conclude that the Estate has not demonstrated "extraordinary circumstances" to overcome the "nearly absolute immunity" afforded to opinion work product. <u>See</u> <u>Chaudhry</u>, 174 F.3d at 403.*

II.

---

\* To the extent that the Estate summarily contends that documents containing Scottsdale's valuation of the case constituted fact work product rather than opinion work product, we conclude that the Estate has waived that argument by failing to submit adequate briefing.

7

The Estate also argues that the district court erred in granting summary judgment to Scottsdale on its WVHRA claim. We review de novo whether a district court erred in granting summary judgment, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The WVHRA creates "three distinct causes of action." Michael v. Appalachian Heating, 701 S.E.2d 116, 117 (W. Va. 2010). Under the WVHRA:

> it is an unlawful discriminatory practice for any person . . . to: (1) engage in any form of threats or reprisal, or; (2) engage in, or hire, or conspire with others to commit acts or activities of any nature, the purpose of which is to harass, degrade, embarrass or cause physical harm or economic loss, or (3) aid, abet, incite, compel, or coerce any person to engage in any of the unlawful discriminatory practices defined in W. Va. Code § 5-11-9 [(2013)].

W. Va. Code § 5-11-9(7)(A). The WVHRA "prohibits unlawful discrimination by a tortfeasor's insurer in the settlement" of a claim. Id. at 118.

8

The Estate argues that the district court erred when it determined that the Estate failed to show that Scottsdale's proffered reasons for its actions in the underlying case were pretextual. West Virginia courts employ a three-pronged test to determine whether a plaintiff has established a prima facie case, analyzing whether (1) the plaintiff is within a protected class; (2) the plaintiff suffered an adverse decision; and (3) there is evidence permitting an inference that "[b]ut for the plaintiff's protected status, the adverse decision would not have been made." Dawson v. Allstate Ins. Co., 433 S.E.2d 268, 274 (W. Va. 1993). To complete its prima facie case, the Estate must establish a link between Scottsdale's decision and its status as a member of the protected class sufficient "to give rise to an inference that the . . . decision was based on an illegal discriminatory criterion." Conaway v. E. Assoc. Coal Corp., 358 S.E.2d 423, 429 (W. Va. 1986).

If the Estate establishes the prima facie case, then the burden shifts to Scottsdale to provide a nondiscriminatory reason for the adverse action; if Scottsdale provides such a reason, then the burden shifts back to the Estate to demonstrate that the proffered reason is merely pretextual. Id. at 430. To demonstrate pretext, the plaintiff must "prove that the [defendant] did not act as it did because of its offered

9

explanation." Skaggs v. Elk Run Coal Co., Inc., 479 S.E.2d 561, 584 (W. Va. 1996).

Even assuming that the Estate has established a prima facie case, we conclude that the Estate has failed to demonstrate that Scottsdale's proffered reasons for its decision not to settle the civil rights lawsuit were pretextual. Scottsdale has consistently maintained that it refused to settle the lawsuit based on two facially race-neutral reasons: its own assessment, ultimately proven correct, that the City was likely to not be found liable, and the City's refusal to consent to any settlement. While the Estate asserts that these reasons are pretextual, it concedes that Scottsdale could not settle the lawsuit without the City's consent.

The Estate contends, however, that Scottsdale had notice of the racial elements of the lawsuit and thus had a duty to investigate the City's reasons for refusing to settle in order to ensure that the decision was not based on an improper motive, under Fairmont Specialty Servs. v. W. Va. Human Rights Comm'n, 522 S.E.2d 180 (W. Va. 1999). The Estate asserts that Scottsdale could have tried to persuade the City to settle or provide a special review for cases with racial components and that Scottsdale's failure to do so demonstrates that its proffered reasons were pretextual.

10

We conclude that Scottsdale did not have a duty to investigate claims that racial animus motivated the City's decision not to settle the underlying case. As the district court noted, the Supreme Court of Appeals of West Virginia only has recognized a cause of action against an insurer for discrimination in settlement practices; it has not imposed upon an insurer a duty to investigate whether the City had an unlawful motive in refusing to consent to a settlement. See Michael, 701 S.E.2d at 124-26. Moreover, the Estate's reliance on Fairmont Specialty is misplaced. There, the high court concluded only that "[a]n employer's liability in harassment cases is tied to the nature of its response to a complaint of discriminatory conduct." 522 S.E.2d at 189 (emphasis added). The court has not extended this holding to create a freestanding duty to investigate any claims of discrimination. Therefore, we conclude that summary judgment was proper.

III.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument will not aid the decisional process.

AFFIRMED

11